UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   AH-3515
TAE HOLLENBECK,                                                  :

              Plaintiff,                          :
                                                     07-CV-8740 (GBD)
   - against -                                                  :
                                                     **ANSWER**
BRUSSELS AIRLINES f/k/a SN BRUSSELS                              :
AIRLINES,
                                                     :
              Defendant.
                                                     :
-----------------------------------------------------------------x

       Defendant DELTA AIR TRANSPORT (incorrectly sued herein as "BRUSSELS AIRLINES f/k/a SN BRUSSELS AIRLINES" and hereinafter "DAT"), by its attorneys Clyde & Co US LLP, answers plaintiff's Complaint as follows:

       1.     Denies the allegations in the paragraph entitled "NATURE OF THE ACTION" except admits that plaintiff was aboard Flight 2827 from Brussels, Belgium to Sofia, Bulgaria on December 15, 2005, and leaves all questions of law for the Court.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and leaves all questions of law for the Court.

       3.     Denies the allegations in paragraph 2 of the Complaint and leaves all questions of law for the Court.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and leaves all questions of law for the Court.

       5.     Denies the allegations in paragraphs 4 through 6 of the Complaint except admits that DAT is a foreign corporation authorized to do business in New York, that DAT has an office at 1983 Marcus Avenue, Suite C104, Lake Success, New York, that DAT previously traded

under the commercial name "SN BRUSSELS AIRLINES," and leaves all questions of law for the Court.

6.  Admits the allegations in paragraph 7 of the Complaint and leaves all questions of law for the Court

7.  Denies the allegations in paragraphs 8 through 18 of the Complaint except admits that plaintiff was a passenger aboard Flight 2827 between Brussels, Belgium and Sofia, Bulgaria, on December 15, 2005, that DAT owned, serviced, maintained, repaired, and operated the subject aircraft, that DAT employed a flight crew for Flight 2827, that DAT employed a maintenance crew to inspect and maintain the subject aircraft, and leaves all questions of law for the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.  The Complaint fails to state a claim against defendant DAT upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.  The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

10.  Defendant DAT is not liable for plaintiff's alleged injuries because plaintiff's injuries were not caused by an "accident" within the meaning of Article 17.1 of the Montreal Convention.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

11.  Pursuant to Article 20 of the Montreal Convention, DAT shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

12.  Pursuant to Article 21 of the Montreal Convention DAT's liability to plaintiff, if any, is limited to a maximum of 100,000 SDRs of provable damages because such damage was not due to the negligence or other wrongful act or omission of DAT or its servants or agents, or such damage was solely due to the negligence or other wrongful act or omission of a third party.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

13.  The damages complained of were not proximately caused by any negligence or culpable conduct on the part of DAT.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

14.  The injuries allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct and DAT is, therefore, not liable to plaintiff or, alternatively, DAT's liability to plaintiff is partial only and should be reduced in accordance with the applicable law.

### AS AND FOR AN EIGHTH
### AFFIRMATIVE DEFENSE

15.     The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom DAT had no control at any time relevant hereto, and in the event DAT is found liable to plaintiff, which liability is expressly denied, DAT will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

16.     Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by DAT, or by a person or entity for which defendant DAT is responsible.

### AS AND FOR A TENTH
### AFFIRMATIVE DEFENSE

17.     Any damages awarded to plaintiff must be reduced by the amount of any collateral source including, but not limited to, insurance, social security, workers' compensation or employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

### AS AND FOR AN ELEVENTH
### AFFIRMATIVE DEFENSE

18.     If plaintiff has received remuneration and or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, DAT is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation.

**AS AND FOR A TWELFTH
AFFIRMATIVE DEFENSE**

19. Pursuant to its tariffs, Conditions of Carriage set forth in the relevant contract of transportation, and/or other relevant law, DAT is not liable to plaintiff or, alternatively, DAT's liability is limited.

**AS AND FOR A THIRTEENTH
AFFIRMATIVE DEFENSE**

20. DAT has performed all of the terms and conditions of the contract which were to be performed by DAT, in accordance with such terms and conditions of contract.

**AS AND FOR A FOURTEENTH
AFFIRMATIVE DEFENSE**

21. DAT asserts that plaintiff failed to mitigate his losses, if any. Accordingly, plaintiff is barred in whole or in part from any recovery.

**AS AND FOR A FIFTEENTH
AFFIRMATIVE DEFENSE**

22. Plaintiff's state law claims against DAT are completely preempted by the Montreal Convention, *See EL AL Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999), or by federal law, including the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 *et seq.* now recodified and incorporated into 49 U.S.C. §40101 *et seq.*), and 49 U.S.C. §41713.

**AS AND FOR A SIXTEENTH
AFFIRMATIVE DEFENSE**

23. Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

**NOTICE OF APPLICABILITY OF FOREIGN LAW**

24. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, DAT hereby gives

notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, defendant DAT demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements.

Dated: New York, New York
January 2, 2008

                        CLYDE & CO US LLP

                        By: _____
                            Andrew J. Harakas (AH 3515)
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, New York 10174
                        (212) 710-3900

                        Attorneys for Defendant
                        Delta Air Transport

To:    Abram I. Bohrer, Esq.
        Dankner & Milstein, P.C.
        41 East 57th Street, 36th Floor
        New York, New York 10022
        (212) 751-8000
        Attorneys for Plaintiff